```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SARAH A. HOGAN,                  )
                                 )
           Plaintiff,            )
                                 )
     v.                          )   Civil Action No. 12-1070
                                 )
THE BOROUGH OF SEWICKLEY,        )
                                 )
           Defendant.            )
```

MEMORANDUM

Gary L. Lancaster,                              February 6, 2013
Chief Judge.

This is an action in civil rights pursuant to 42 U.S.C. § 1983. Plaintiff, Sarah Hogan, individually and on behalf of Delaney Hogan, a minor, and as administratrix of the estate of John Hogan, III, alleges that defendant, Borough of Sewickley ("the Borough"), caused the death of her husband, John Hogan. Plaintiff's complaint contains four counts: (1) wrongful death and a survival action under 42 U.S.C. § 1983; (2) wrongful death and a survival action under the Fourteenth Amendment to the United States Constitution; (3) wrongful death under Pennsylvania law; and (4) a survival action under Pennsylvania law. Plaintiff dismissed Count Two by stipulation on December 11, 2012. [doc. no. 17 at 8]. Plaintiff seeks compensatory

damages as well as attorneys' fees and costs for the remaining three claims.

Defendant has filed a motion to dismiss plaintiff's complaint under Fed. Rule. Civ. Pro. 12(b)(6), arguing that plaintiff failed to state a claim upon which relief can be granted. [doc. nos. 11 & 12].

For the reasons set forth below, defendant's motion will be granted.

I. BACKGROUND

Because defendant filed a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true for the purpose of deciding the motion. Phillips v. Cty. of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008). Plaintiff alleges the following:

Plaintiff Sarah Hogan was married to John Hogan in 2008. They had one child together, a daughter named Delaney, who was two months old at the time of her father's death.

John Hogan began his employment as an operator-trainee at the Sewickley Borough Wastewater Treatment Plant ("the Plant") on June 2, 2010.

On July 29, 2010, Dennis Mike, superintendent of the plant, assigned John Hogan to clean a pit. While Hogan was in the pit, methane gas began to accumulate. In trying to escape

from the gas, John Hogan fell approximately 21 feet and died of blunt force trauma.

II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we must conduct a three-step inquiry. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, we must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Iqbal, 556 U.S. at 675). Second, we must identify the allegations that "are no more than conclusions [and] are not entitled to the assumption of truth." Id.; Iqbal, 556 U.S. at 679. Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation omitted).

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents

4

if the complainant's claims are based on these documents. <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010).

III. <u>DISCUSSION</u>

    A.    <u>Count One: Wrongful Death under § 1983</u>

Plaintiff uses one count, labeled as "Wrongful Death," to try to establish two bases of liability under 42 U.S.C. § 1983. The two possible bases of liability that could be interpreted from plaintiff's complaint are reverse age discrimination and wrongful death caused by intentional infliction of injury. Plaintiff cannot establish a section 1983 claim under either theory.

Section 1983 authorizes private parties to enforce their federal constitutional rights, and some federal statutory rights, against defendants who acted under color of state law. <u>Groman v. Twp. of Mich.</u>, 47 F.3d 628, 638 (3d Cir. 1995). Section 1983 does not create or establish any particular federally protected right. Rather, section 1983 creates a cause of action for plaintiffs to enforce federal rights created elsewhere in the Constitution or under other federal laws. <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996). To succeed on a section 1983 claim, plaintiff's complaint must sufficiently allege the deprivation of any right secured by the Constitution. <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).

Establishing that a federal right was violated creates a rebuttable presumption that the right is enforceable through section 1983. S. Camden Citizens in Action v. N.J. Dep't. of Envtl. Prot., 274 F.3d 771, 779-80 (3d Cir. 2001). The presumption can be rebutted in one of two ways: (1) by showing that Congress expressly forbade recourse to section 1983 or (2) by showing that Congress impliedly foreclosed section 1983 as a remedy by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under section 1983. Id. "In the latter case. . . the burden shifts to the defendant to 'make the difficult showing that allowing a § 1983 action to go forward in these circumstances 'would be inconsistent with Congress' carefully tailored scheme.'" Id. at 780 (quoting Blessing v. Freestone, 520 U.S. 329, 345 (1997)).

### 1. Reverse Age Discrimination Claim

Plaintiff alleges that defendant engaged in reverse age discrimination by carrying out a policy of only sending workers under the age of 40 "to the near certainty of death from methane gas" without safety protection. [doc. no. 1 at 8-9]. Plaintiff tries to fit this reverse age discrimination claim into a section 1983 remedy by claiming that U.S. constitutional jurisprudence establishes that municipal governments have a duty not to engage in discrimination of any sort that is not

rationally related to a legitimate state interest. Id. Plaintiff's reliance on the rational relation test of U.S. constitutional jurisprudence is misplaced.

The rational relation test to which plaintiff refers is used to determine the constitutionality of state or federal statutes that do not directly implicate a fundamental right or suspect classification. See Romer v. Evans, 517 U.S. 620 (1996). However, there is no right guaranteed by the Constitution or any federal statute that prevents a party from engaging in reverse age discrimination. Thus, plaintiff has failed to state an actionable claim under section 1983.

Plaintiff also argues that the court in Levin v. Madigan, 692 F.3d 607 (7th Cir. 2012) held that the Age Discrimination in Employment Act ("ADEA") is no longer the sole remedy for reverse age discrimination claims and that section 1983 is an available method of relief for such claims. [doc. no. 17 at 9]. This argument also fails.

As an initial matter, we note that the holding of the U.S. Court of Appeals for the Seventh Circuit in Levin is not binding on this court. We also note that the U.S. Court of Appeals for the Third Circuit has held that within the context of federal employment, the ADEA preempts other judicial remedies based on the Constitution for claims of age discrimination. See Purtill v. Harris, 658 F.2d 134 (3d Cir. 1981) (holding that the

7

ADEA is the exclusive remedy for age discrimination for federal employees who sought relief under the Constitution and 42 U.S.C. §§ 1985 and 1986). Hence, section 1983 is not an available method of redress for plaintiff.

Thus, even assuming that freedom from reverse age discrimination is a federally protected right, section 1983 is foreclosed as a remedy by the ADEA, which provides comprehensive and exclusive remedies for victims of age discrimination.[1] Accordingly, plaintiff's wrongful death claim, to the extent it is based on reverse age discrimination, fails.

### 2. Intentional Infliction of Injury

The second alleged basis of liability under Count One of plaintiff's complaint is wrongful death based on the intentional infliction of injury. [doc. no. 1 at 9]. Just as plaintiff's theory of constitutional jurisprudence was misplaced, so is this theory of intentional harm. Intentionally caused harm is a theory that sounds in common law negligence, not in the U.S. Constitution or in a federal statute. Section 1983 is not a remedy for such harm. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 128 (1992). As such, the Court

---

[1] While we need not reach the issue of whether plaintiff has stated an actionable claim under the ADEA, we note that the Supreme Court of the United States held that the ADEA does not protect against reverse age discrimination. Gen. Dynamics Land Sys. v. Cline, 540 U.S. 581, 600 (2004).

will grant defendant's motion to dismiss as to Count One of the complaint.

### A. Lack of Jurisdiction

Plaintiff includes two state law claims under supplemental jurisdiction. 28 U.S.C. § 1367. However, when a district court dismisses all claims over which it has original jurisdiction, the decision whether to remand the remaining claims to state court is purely discretionary. Carlsbad Tech. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c)(3).

This court had original jurisdiction over Count One under 28 U.S.C. § 1331, which bestows jurisdiction on district courts over all civil actions arising under the Constitution, laws, or treaties of the United States. Since we dismiss Count One of the complaint under Fed. R. Civ. Pro. 12(b)(6), and Count Two was dismissed by stipulation of the parties, we exercise our discretion to remand Counts Three and Four to state court. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARAH A. HOGAN,                         )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Civil Action No. 12-1070
                                        )
THE BOROUGH OF SEWICKLEY,               )
                                        )
        Defendant.                      )

ORDER

IT IS HEREBY ORDERED that, for the reasons stated in the foregoing memorandum, the motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) [doc. no. 11] IS GRANTED. Count One of plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Accordingly, Count Two having been dismissed by stipulation of the parties, this court lacks jurisdiction over Counts Three and Four, which are DISMISSED WITHOUT PREJUDICE so that they may be re-filed in the appropriate state court.

BY THE COURT,

_____, C.J.

2/6/13